UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
IN RE:

GEORGE M. SYDLAR, SR.                                 CASE NO.  07-62176

                    Debtor                            Chapter 13


--------------------------------------------------------
APPEARANCES:

L. DAVID ZUBE, ESQ.[1]
Attorney for Debtor
59 Court Street, 5th Floor
Binghamton, New York 13901

Bond, Schoeneck & King, PLCC                          THOMAS L. KENNEDY, ESQ.
Attorneys for Michael Masone, Esq.,                   Of Counsel
as Counsel for Mary and Walter Kryczkowski
One Lincoln Center
Syracuse, NY 13202-1355

MAXSEN D. CHAMPION, ESQ.
Staff Attorney for
Chapter 13 Trustee, Mark W. Swimelar, Esq.
250 South Clinton Street
Suite 203
Syracuse, NY 13202


Hon. Stephen D. Gerling, Chief U.S. Bankruptcy Judge


**MEMORANDUM-DECISION, FINDINGS OF FACT,
CONCLUSIONS OF LAW AND ORDER**


Under consideration by the Court is a motion filed on May 15, 2008, by Mark W. Swimelar,

chapter 13 trustee ("Trustee") in the case of George M. Sydlar, Sr. ("Debtor") seeking turnover

---

[1]By Order dated July 10, 2008, L. David Zube was substituted for Carol Ann Malz, Esq.
as attorney for the Debtor.

2

of proceeds ("Proceeds"), totaling $106,665.57, from the sale of real property at 4 Berlin Lane,

Towaco, New Jersey (the "Premises").  Opposition to the motion was filed on May 29, 2008, by

Mary and Walter Kryczkowski (the "Kryczkowskis").[2]  On June 2, 2008, the Debtor filed a letter

in support of the Trustee's motion.

The motion was heard at the Court's regular motion calendar in Binghamton, New York,

on June 3, 2008  Following oral argument, the Court indicated that it would take the matter under

submission.

## JURISDICTIONAL STATEMENT

The Court has core jurisdiction over the parties and subject matter of this contested matter

pursuant to 28 U.S.C. §§ 1334, 157(a), (b)(1), (b)(2)(A), (E) and (O).

## FACTS

_____The Debtor filed a voluntary petition pursuant to chapter 13 of the United States

Bankruptcy Code, 11 U.S.C. §§ 101-1532 ("Code") on April 25, 2007.  On May 30, 2007, the

Debtor filed Amended Schedule F to add several unsecured creditors, including the

Kryczkowskis.

> According to Schedule F, Debtor alleges that the claim is based on a
> [d]efault judgment entered August 26, 1998.  Mary Kryczkowski & Walter
> Kryczkowski vs. The City of Jersey City, New Jersey, George Sydlar, et al.
> Judgment no. HUD-L-7471-96. Superior Cout [sic] of New Jersey, Law Division,
> Hudson County. $118,000 on judgment paid from sale of 6 Berlin Lane, Towaco,
> N.J.  Dispute as to balance owed, if any.  Debtor believes that Plaintiffs in this
> action are now deceased.

(Dkt. No. 11).  Also listed on Schedule F is Michael Masone, Esq. ("Masone"), Raff & Masone,

P.A., 1081 Avenue C, Bayonne, NJ 07002-3345.  Masone is described as "Assignee or other

---

[2]  Walter Kryczkowski passed away on January 2, 2005.

notification for: Mary Kryczkowski & Walter Kryczkowski."

On June 14, 2007, the Kryczkowskis filed a proof of claim as secured in the amount of $102,166.87.  On December 19, 2007, the Debtor objected to the Kryczkowskis' proof of claim based on assertions that the default judgment taken against the Debtor in 1998 was improper due to a lack of personal service (Dkt. No. 30).

On November 16, 2007, Denise M. Sydlar, the Debtor's former spouse, filed a motion for relief from the automatic stay "in order to pursue enforcement of pre-petition state-court orders directing Debtor to sell" the Premises. (Dkt. No. 21).  Allegedly, under the terms of the New Jersey State Court Judgment of Divorce issued in 1993, the Premises were to be sold in 1995 when the couple's youngest son reached the age of 18.  In the motion, relief from the automatic stay was requested "to finalize the contract for the sale of [the Premises] in accordance with the pre-petition state-court orders and, following the sale, deposit Debtor's 50% share with the Trustee."  On December 20, 2007, the Court signed an Order granting relief from the automatic stay retroactive to December 19, 2007 (Dkt. No. 35).

On January 30, 2008, the Debtor sought, by Order to Show Cause, to have the Proceeds turned over to the Trustee and to have Stephen R. Bosin, Esq. ("Bosin"), appointed as special counsel to represent the Debtor in an action in New Jersey in which the Debtor sought to have the 1998 default judgment vacated (Dkt. No. 39).  The Order to Show Cause was served on Masone, as well as the Trustee and the Assistant U.S. Trustee (Dkt. No. 44).   There being no opposition to that portion of the Order to Show Cause requesting Bosin's appointment, the Court signed an Order granting his appointment as special counsel on February 25, 2008 (Dkt. No. 66). However, the Court denied turnover of the $106,665.57 in Proceeds from the sale of the Premises

(Dkt. No. 66).  Specifically, the Order provided that Masone retain the Proceeds in his escrow

account pending determinations in

> (1) the proceeding currently before Judge Gallipoli of the Superior Court of New
> Jersey, Hudson County, wherein the Debtor seeks, among other things, to vacate
> the August 24, 1998 Order and Judgment of that court against George Sydlar in
> the matter of *Kryczkowskis v. Jersey City; George Sydlar, et al.*, Docket No.
> HUD-L-7471-96, and (2) the separate proceeding currently before Judge Ramsay
> of the Superior Court of New Jersey, Chancery Division: Family Part, Morris
> County, Docket No. FM-14-45201-92."

(Dkt. No. 66).

By separate Order to Show Cause, dated January 30, 2008 (Dkt. No. 42), the Debtor

alleged that the Kryczkowskis had violated the automatic stay and requested that their claim be

reclassified as unsecured and that the Debtor be awarded actual damages, as well as punitive

damages.  According to the Debtor the collection of the Proceeds by Masone, on behalf of the

Kryczkowskis as part of the closing on the Premises, violated the automatic stay.  The Debtor

alleged that the Kryczkowskis had never obtained relief from the automatic stay and had not

objected to the provision in the Debtor's plan to use the Proceeds to fund his plan.  In response,

the Kryczkowskis asserted that this Court, by its Order, dated December 20, 2007, had granted

Denise Sydlar relief from the automatic stay to sell the Premises and that the sale could not close

without payment of the Kryczkowskis' lien on the Premises.  The Court denied the Debtor's

application requesting a finding by the Court that the Kryczkowskis had violated the automatic

stay (Dkt. No. 65).

Also filed by the Debtor by way of a third Order to Show Case, dated January 30, 2008

(Dkt. No. 41), was a motion seeking turnover of funds in the amount of $17,261.31, allegedly

paid to Denise Sydlar as part of the closing on the Premises and being held by the law firm of

5

McElroy, Deutsch, Mulvaney & Carpenter, LLP, her attorneys in the action before Judge Ramsay.

Opposition to the motion was filed by Denise Sydlar on February 4, 2008 (Dkt. No. 52) asserting

that the Debtor was attempting to collaterally attack the Judgment of Divorce, issued on

November 16, 1993, as well as the Order issued by the Honorable David B. Rand, J.S.C. on June

16, 2004.   Those issues are currently pending before the Honorable Rosemary Ramsay, J.S.C.

in the New Jersey Superior Court.   On March 13, 2008, this Court signed a separate "Interim

Order" directing that the $17,261.32  being held by Denise Sydlar's attorneys be deposited with

the Superior Court of New Jersey, "subject to further determinations by the New Jersey State

Court . . . ." (Dkt. No. 70).

On March 20, 2008, New Jersey Superior Court Judge Maurice Gallipoli issued an order

vacating the Kryczkowskis' 1998 default judgment in response to a motion filed by Bosin

pursuant to  New Jersey Rule of Court 4:50-1(d) and (f).  By letter, dated April 2, 2008, the

Trustee wrote to Judge Gallipoli asserting that given the fact that the judgment had been vacated,

"the funds being held technically belong to Mr. Sydlar.  Since Mr. Sydlar is in a Chapter 13

bankruptcy, it seems appropriate to request that those funds be forwarded to me in my capacity

as the Chapter 13 Trustee."  *See* Exhibit "B" attached to Trustee's motion.

Apparently, there was no written response to the Trustee's request.  However, a motion

by the Kryczkowskis to reconsider Judge Gallipoli's order was denied on April 25, 2008.

In Judge Gallipoli's order of April 25, 2008, he provided that Masone

continue to hold the approximate sum of $106,665 from the sale of real estate
owned by Defendant George Sydlar pursuant to said judgment in his attorney trust
account pending further order of this court . . . [and that] counsel for Plaintiffs and
for Defendant, George Sydlar, shall each provide written responses to the
questions raised by this Court at oral argument on March 14, 2008 as to the effect

> vacating the aforesaid judgment has on the funds now being held in attorney
> Michael Masone's Trust Account and on proceeds previously received[3] as a result
> of the enforcement of said default judgment."

In a separate Order, also dated April 25, 2008, Judge Gallipoli ordered

> that the funds presently being held in Mr. Masone's Trust Account are to remain
> on deposit there, pending the resolution of this case, including any appeal from my
> orders of March 20, 2008 and April 25, 2008, and/or the further order of this court
> and/or other court of competent jurisdiction.

*See* Exhibit ""C" attached to Trustee's motion.

On June 25, 2008, the New Jersey Appellate Division dismissed the appeal of Judge

Gallipoli's decision as being interlocutory and denied the Kryczkowskis' request for leave to

appeal.[4]


## DISCUSSION


"A void judgment is one which, from its inception was a complete nullity and without

legal effect." *Lubben v. Selective Serv. Sys. Local Bd. No. 27,* 453 F.2d 645, 649 (1st Cir. 1972).

Furthermore, a void judgment cannot be allowed to remain in effect pending the outcome of a

trial on the merits. *See Nature's First Inc. v. Nature's First Law, Inc.,* 436 F.Supp.2d 368, 372

(D. Conn. 2006) (noting that "a default judgment obtained by way of defective service is void for

---

[3] The Kryczkowskis apparently received a $118,000 payment in 2005 from the sale of a
separate parcel of real property belonging to the Debtor.

[4] Although this matter was submitted for decision on June 3, 2008, the Court cannot
ignore information regarding the status of the Kryczkowskis' appeal of Judge Gallipoli's decision
vacating the 1998 default judgment simply because the decision of the New Jersey Appellate
Division occurred subsequent to that date.

7

lack of personal jurisdiction and must be set aside as a mater of law"); *Weaver Const. Co. v. District Court in and for El Paso County, 4th Judicial Dist.,* 545 P.2d 1042, 1045 (Colo. 1976) (*en banc*).  The court in *Weaver Const.,* in addressing whether the trial court's setting aside of a judgment could legally affect the petitioner's judgment lien, drew a distinction between opening a judgment and allowing the defendant to answer to the merits of the claim, and setting aside a judgment on jurisdictional grounds.  *Id.*  Under the first scenario, "the original judgment and judgment lien remain in effect as security pending the resolution of the trial on the merits."  *Id.* However, where the judgment is vacated based on a lack of personal jurisdiction,  the void judgment "cannot be allowed to remain in effect pending the outcome of a trial on the merits." *Id.; see also Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 87 (1988), quoting *Armstrong v. Manzo,* 380 U.S. 545, 552 (1965) (noting that [only] "wip[ing] the slate clean . . . would have restored the petitioner to the position he would have occupied had due process of law been accorded to him in the first place").

According to Judge Gallipoli's order, dated March 20, 2008, Bosin's motion sought to have the 1998 default judgment vacated pursuant to New Jersey Rule of Court 4:50-1(d) and (f). The rule provides that

> On motion, with briefs, and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment or order for the following reasons: (d) the judgment or order is void; or (f) any other reason justifying relief from the operation of the judgment or order.

*Barnes v. Pitre*, No. Civ. A. BER-F-1710-03, 2005 WL 975776, at *3 (N.J. Super. Ch. April 8, 2005), *rev'd* 2006 WL 1749969 (N.J. Super. A.D. June 28, 2006).  In this case, the parties do not dispute that Judge Gallipoli  vacated  the prior judgment based on a lack of personal jurisdiction.

8

As such, the Kryczkowskis' 1998 judgment is a nullity, as is their lien on the Premises. Accordingly, they were not entitled to satisfy that judgment from the sale of the Premises. This Court, as a "court of competent jurisdiction," finds that the Proceeds are property of the Debtor's estate and should be turned over to the Trustee.

In the context of the Trustee's motion, arguments have been made the automatic stay was violated. The Kryczkowskis argue that the Debtor violated the automatic stay when he failed to seek relief pursuant to Code § 362(d) to pursue the vacatur of the 1998 default judgment in the New Jersey State Court. Thus, the Kryczkowskis take the position that Judge Gallipoli's vacating of the 1998 default judgment was a nullity.

The Kryczkowskis have cited to two cases for the proposition that the Debtor should have sought relief from the automatic stay in pursuing the vacating of the 1998 default judgment. In *Assoc. Of St. Croix Condo. Owners v. St. Croix Hotel*, 682 F.2d 446 (3d Cir. 1982), the court pointed out that Code § 362 "does not indicate whether a stay becomes operative when the trial phase of a proceeding against a debtor has already concluded prior to the filing of the petition in bankruptcy, and the debtor or his adversary takes an appeal." *Id.* at 448-49. The court concluded that Code § 362 should be read to stay all appeals in proceedings that were *originally brought* against the debtor, regardless of whether the debtor is the appellant or appellee. *Id.* at 449.

The second case cited by the Kryczkowskis is *In re Capgro Leasing Assocs.*, 169 B.R. 305 (Bankr. E.D.N.Y. 1994). Relevant to the argument made on behalf of the Kryszkowskis, the court pointed out that "[e]ight of the twelve circuit courts of appeals have held that the automatic stay prevents a debtor from appealing the decision of a non-bankruptcy forum, where that action was originally commenced against the debtor." *Id.* at 310. The court pointed out that the

rationale for those decisions was that a debtor's appeal is actually a continuation of a judicial proceeding that was commenced against the debtor in violation of Code § 362(a)(1).

In this case, the Court notes that there was no trial prepetition in which judgment was obtained against the Debtor  The 1998 judgment was a default judgment.  Furthermore, there is an inference to be made that when the Debtor sought by Order to Show Cause to employ Bosin to represent the Debtor in the New Jersey Superior Court in connection with vacating the Kryczkowskis' 1998 default judgment, the Debtor implicitly was also seeking relief from the automatic stay.  The Kryczkowskis had knowledge of the Order to Show Cause and asserted no opposition to that particular aspect of it[5] and made no argument at the hearing on February 5, 2008 that proceeding in New Jersey Superior Court would constitute a violation of the automatic stay.  That argument was not made until they filed their objection to the Trustee's motion seeking turnover of the Proceeds on May 29, 2008 following Judge Gallipoli's orders of March 20, 2008 and April 25, 2008.  Under those circumstances, the Court finds no violation of the automatic stay with respect to the action taken by the Debtor to obtain the vacatur of the New Jersey 1998 judgment.  In addition, the Court also finds little merit in the Trustee's argument that the Kryczkowskis violated the automatic stay in appealing Judge Gallipoli's orders and seeking leave to appeal those orders in the New Jersey appellate court.

Finally, the Kryczkowskis direct the Court to the language in the Court's Order of February 25, 2008, in which the Court directed that Masone retain the $106,665.57 in his escrow account pending determinations by Judge Gallipoli concerning the 1998 default judgment and by Judge Ramsay in connection with matters involving Denise Sydlar and the 1993 Judgment of

---

[5] The same Order to Show Cause also requested turnover of the Proceeds to the Trustee.

10

Divorce.  The Court is of the opinion that insofar as the February 25, 2008 Order referenced pending determinations in a proceeding "currently pending before Judge Ramsay," that provision was superseded by the Court's Interim Order, signed on March 13, 2008, requiring that the $17,262.32 being held by Denise Sydlar's attorney following the sale of the Premises be deposited with the Superior Court of New Jersey pending a decision by Judge Ramsay.  It has become clear that the issue of the Proceeds on deposit in Masone's escrow account is a separate and distinct matter from the issue confronting Judge Ramsey.

Based on the foregoing, it is hereby

ORDERED that the Court's Order of February 25, 2008, to the extent that it provided that Masone retain the Proceeds in his escrow account pending determinations in "the separate proceeding currently before Judge Ramsay of the Superior Court of New Jersey, Chancery Division: Family Part, Morris County, Docket No. FM-14-45201-92," is modified to delete that particular provision; and it is further

ORDERED that the Trustee's motion is granted and the Proceeds, totaling $106,665.57, currently being held in the escrow account of Masone, are to be turned over to the Trustee within thirty (30) days of the date of this Order.

Dated at Utica, New York

this 22nd  day of August 2008


/s/    Hon. Stephen D. Gerling
STEPHEN D. GERLING
Chief U.S. Bankruptcy Judge

11